IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EMERY QUENTIN SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20cv00523 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CORR. OFF. BALDONALDO, et al., | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Emery Quentin Saunders, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. Saunders alleges that, on July 23, 2020, while walking with defendant Officer Baldonaldo and a female nurse, Officer Baldonaldo turned to Saunders and said, "All you want to do is f**k her." Officer Baldonaldo then made a circle with one hand and inserted a finger into the middle of the circle with a "back and forth motion." Later, while Saunders was showering, Baldonaldo stood across from the showers for two to three minutes, while glancing and making eye contact with Saunders. Five days later, during security rounds, defendant Officer Sprouse stuck his hand in Saunders' tray slot, made a circle gesture, laughed, and walked away. Saunders seeks $5 million in damages. Because Saunders's allegations fail to state a claim, the court will dismiss Saunders' complaint.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Verbal harassment or verbal abuse by prison officials in and of itself does not state a constitutional deprivation under § 1983. Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir.

2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Johnson v. Laham, 9 F.3d 1543 (4th Cir. 1993). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). The law is clear that "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990) (citing Coyle v. Hughs, 436 F. Supp. 591, 593 (W.D. Okla. 1977)); Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). Saunders does not allege that either of the defendants made any physical contact with him. Saunders' allegations of harassment, therefore, are insufficient to state a plausible federal claim under § 1983. See Wilder v. Payne, No. 2:14cv24, 2014 U.S. Dist. LEXIS 166761, at *11, 2014 WL 6772265, at *7 (N.D.W. Va. Oct. 28, 2014) (collecting cases and holding that "circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement [of the Eighth Amendment] because such conduct does not constitute the unnecessary and wanton infliction of pain"); Jones v. Harris, 665 F. Supp. 2d 384, 396 (S.D.N.Y. 2009) ("Several district courts have considered the issue, and have held that verbal sexual harassment of a prisoner, without physical contact, does not violate the Eighth Amendment.") (collecting cases). Accordingly, the court will dismiss Saunders's complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**ENTERED** this 1st day of October, 2020.

_____
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE